**People of the State of Illinois, Plaintiff-Appellee, v. Dwight L. Boyd, Defendant-Appellant.**

Gen. No. 10,990.

Fourth District.

May 22, 1969.

John J. Casey, Public Defender, of Springfield, for appellant.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield, and D. Bradley Blodgett, Assistant State's Attorney, for appellee.

SMITH, J.

The defendant was found guilty by a jury of theft in violation of Ill Rev Stats 1965, c 38, § 16–1, for the theft of a Chevrolet truck. He was admitted to probation with the condition that 90 days of his probation period be served in the Sangamon County jail. He appeals on the ground that (1) the evidence does not show his guilt beyond a reasonable doubt and (2) that the trial court erroneously refused to instruct the jury on the crime of criminal trespass to vehicles. Ill Rev Stats 1965, c 38, § 21–2.

The defendant had worked for a carnival in Taylorville, Illinois, hitchhiked a ride to Springfield, and for about two hours tried to hitchhike a ride to Chicago. Having no success, he took a semitruck from the side of the road and drove it about a mile before it stopped for some unknown reason. He abandoned it, walked a short distance north and then took the 1960 Chevrolet truck from the Dawson Lumber Company yard. He drove it for about ten miles when he threw a rod and was slowing down when another truck hit him in the rear. He left the truck alongside the road and was walking north when taken into custody by the highway police. His justification for his conduct is that he was tired of hitchhiking and was seeking transportation, and he had no intention whatsoever

474

of permanently depriving the owner of the use of his truck.

■ People v. Heaton, 415 Ill 43, 112 NE2d 131, is strikingly similar to this case. In that case, the testimony was that the boys were only going for a joy ride and then would return the car to the owner. Since the owner saw them leave with the car, they were apprehended before there was any effort to return the automobile. The same contention was there made that the defendants did not intend to deprive the owner permanently of his property. The court stated that there was no fact or circumstance indicating an intention upon the part of the plaintiff in error to return the automobile to its true owner. In the case at bar, whatever may have been the intention of this defendant, the breakdown of the truck precluded his carrying it out and he abandoned the truck. The defendant cites People v. De Stefano, 23 Ill2d 427, 178 NE2d 393, as authority for the proposition that the evidence must show an intention to permanently deprive the owner's use of his car. In that case, the evidence showed that the defendant had taken the car from a garage, where he was working on his own car, to go to a restaurant for a cup of coffee. The restaurant was closed and he had turned around and started back to the garage where his own car had been left, when the police apprehended him. The Supreme Court there said that all of the circumstances negatived any intention of De Stefano to permanently deprive the owner's use of his car. Those circumstances or circumstances comparable to that situation are not present in this case. The defendant, in the case at bar, not only took two trucks, but abandoned each of them when motor trouble developed. The defendant testified that what he intended to do was to abandon the trucks on some main highway where the owner wouldn't have too much difficulty in locating them. This posture of innocence does not look quite right. In Heaton, the Supreme Court observed that the intention closeted in the mind of

475

man can only be ascertained by facts and circumstances suggesting or indicating what that intention is and whether that intention was to feloniously deprive the owner of an automobile of his property is a jury question. And so it is here. It was not error to deny the motion for a directed verdict.

■ The defendant's complaint that the court's refusal to instruct the jury on criminal trespass to vehicles was error is likewise not well taken. The instruction tendered reads as follows: "The court instructs the jury that whoever knowingly and without authority enters any vehicle or part thereof of another without his consent commits the offense of criminal trespass to vehicles." This is a correct statement of Ill Rev Stats 1965, c 38, § 21–2. It is clear by the defendant's own testimony that he knowingly and without authority entered this motor vehicle and drove it away. His theory presented during the trial was that he did not intend to permanently deprive the owner of his property, but only intended to provide himself transportation to Chicago and then abandon the truck. Such a theory envisions only a temporary use of the property without the consent of the person owning it and is more properly consistent with Ill Rev Stats 1965, c 38, § 16–3(a), which reads in part ". . . a person commits theft when he obtains temporary use of property . . . knowing that such use is without the consent of the person . . . ." The Committee comment on this section is that it was a continuation of the temporary use aspect of Ill Rev Stats 1959, c 38, ¶ 439, covering tampering with motor vehicles. It thus seems to us that the instruction tendered and the statute invoked were not intended to include a factual situation where there was a taking or driving away as there was in the case at bar under either the defendant's theory or the State's theory. That section, in our judgment, must be limited to the entering of the vehicle for some purpose other than a driving use. Such being the case, the instruction tendered

476

has no relationship to the facts in this case and its refusal was not error.

Accordingly, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.