**People of the State of Illinois, Plaintiff-Appellee, v. Raymond A. Newton, Defendant-Appellant.**

**Gen. No. 53,337.**

First District, Third Division.

December 4, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard F. Sprague, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Raymond A. Newton, was charged with the theft of an automobile valued in excess of $150 in violation of Ill Rev Stats 1967, c 38, § 16–1(a). He was also charged with criminal trespass to an automobile. After a bench trial, defendant was found guilty of both crimes. He was sentenced for a term of one to three years in the penitentiary for theft, and to sixty days in the County Jail for trespass.

Defendant appeals only the conviction for theft of the automobile. In his brief, defendant had contended that his jury waiver was not knowingly and understandingly made. However, at oral argument, counsel for defendant waived this argument. The remaining point on appeal is that the State did not prove that the value of the automobile was in excess of $150. Defendant argues, therefore, that the sentence should be reduced to one appropriate to a misdemeanor for theft of property not exceeding $150 in value. The Criminal Code provides that a person first convicted of theft of personal property exceeding $150 in value shall be imprisoned in the penitentiary from one to ten years, while a person first convicted of theft of property not exceeding $150 in value shall be fined or imprisoned in a penal institution other than a penitentiary not to exceed one year. Ill Rev Stats 1967, c 38, § 16–1(a).

David Joseph, the complaining witness, testified that on December 30, 1967, he drove to work in his 1962 Chevrolet. He arrived at work about 8:00 a. m., and at 1:00 p. m., noticed that the automobile was gone. He next saw his car at the police station. He purchased the automobile new in 1962, and over the objection of the defense, testified that the car was presently worth close to $1,000.

Police officers testified that they observed a 1962 Chevrolet traveling at a high rate of speed. After a chase of a few blocks, the automobile stopped and the

police apprehended defendant. One of the officers testified that the automobile was in average condition.

■ ■ Generally, where the value of property is relevant, it must be proved, and the proof must show the fair cash market value at the time and place of the theft. People v. Johnston, 382 Ill 233, 46 NE2d 967 (1943). And where defendant is charged with theft of an automobile worth more than $150, the fair cash value of the automobile must be proved beyond a reasonable doubt. People v. Kurtz, 69 Ill App2d 282, 216 NE2d 524 (1966).

■ ■ In the absence of contrary evidence, testimony as to the worth of property is proper proof of its value. People v. Franklin, 415 Ill 514, 114 NE2d 661 (1953). Although generally a nonexpert witness cannot give his opinion as to value, the owner of personal property has been allowed to testify to its value, where he has some familiarity with the property. In Brenton v. Sloan's United Storage & Van Co., 315 Ill App 278, 42 NE2d 945 (1942), the court, at p 280, stated:

> "This court has previously concluded that where personal property is of a usual and ordinary nature, such as household goods, the value thereof was a matter of common knowledge, and any person, including a housewife, may testify as to its value (citations omitted). Plaintiffs in this case, therefore, as the owners of the property, were competent witnesses to testify as to their (sic) actual value (citations omitted)."

And in People v. Harden, 42 Ill2d 301, 247 NE2d 404 (1969), where no objection was made by the defendant to the testimony, the court held that the opinion of a person with sufficient knowledge of the property and its value to give a reasonable estimate was sufficient, in the absence of contrary evidence, to establish the value of the property in question.

In 20 Am Jur, Evidence, § 894, the applicable rule is set forth as follows:

> "The right of the owner of a chattel to testify as to its value, although he may not possess sufficient knowledge or skill to testify as an expert on the subject, is generally recognized. The theory is that he has such familiarity with his property that he may generally be presumed to know what it is worth; and it is not therefore essential, as a condition precedent to the admission of his testimony, to prove that he knew the value, nor is the owner required to state the elements entering into their value to him as a necessary qualification for giving his opinion."

██ ██ In the instant case, the owner of the automobile testified that its value was close to $1,000. He purchased the automobile new in 1962, and had owned it until the date of its theft. That he had sufficient knowledge and familiarity with the vehicle to know its value is evident. There was additional testimony that the automobile in question was not only driveable and in average condition, but that it was also capable of being operated at a high rate of speed. Automobiles, like household furniture, have become items of usual and ordinary nature. For these reasons, we find that the owner was competent to testify as to the value of the automobile on the date of the theft, and the weight to be given to his testimony was, of course, for the trier of fact to determine.

Cases cited by defendant are distinguishable. In People v. Kelly, 66 Ill App2d 204, 214 NE2d 290 (1965), the owner testified that he did not know if his automobile was worth $150 at the time of its theft. In People v. Fognini, 374 Ill 161, 28 NE2d 95 (1940), the court found that the value of two men's suits, old, shopworn

and out of style, had not been established because of their age and unmarketability. In People v. George, 398 Ill 318, 76 NE2d 60 (1947), the court reversed because the owner of a watch and pen set failed to testify as to the value of the property, but testified as to what his son had told him about the cost of the set.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.