People of the State of Illinois, Plaintiff-Appellee,
v. Clarence Nelson, Defendant-Appellant.

Gen. No. 53,958.

First District, Third Division.
December 11, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial defendant was found guilty of the theft of an automobile valued in excess of $150. The theft is alleged to have occurred on October 4, 1967. After a hearing in aggravation and mitigation he was sentenced to serve two to six years in the Illinois State Penitentiary. The only issue raised on appeal is whether or not the State proved the value of the car to be in excess of $150. The facts relevant to that contention follow.

The only evidence which appears in the record relating to the value of the car was provided by the testimony of the Rev. Frank Johnson, owner of the stolen vehicle. He testified on direct examination that the automobile in question was a 1961 Pontiac Catalina, that he had owned the car for about two years and that he bought it for $1,358. He further testified that the then present value of the automobile was "around $800 or $900." There was no objection to that testimony and defendant did not raise that point in his motion for a new trial.

Theft of property valued in excess of $150 is a felony which subjects the accused to a potential prison term ranging from one to ten years in the State

Penitentiary. Ill Rev Stats, c 38, § 16–1 (1967). The rule which has been generally followed and which no doubt has evolved from the similar civil law rule is that the State must prove the fair cash market value of the article at the time and place of the theft. People v. Kurtz, 37 Ill2d 103, 224 NE2d 817; People v. Rose, 19 Ill2d 292, 166 NE2d 566. The precise question which remains is whether a 1961 Pontiac automobile purchased for $1,358 and in use by the owner for two years before it was stolen has a value in excess of $150.

█ █ In People v. Harden, 42 Ill2d 301, 247 NE2d 404, the court held that testimony which has not been objected to is sufficient to establish value in the absence of contrary evidence, if the witness has sufficient knowledge of the property and its value to give a reasonable estimate. We find that the owner in the instant case possessed the requisite familiarity with his property to testify to its value. As this court stated in the recent case of People v. Newton, 117 Ill App2d 232, 254 NE2d 165, "Automobiles, like household furniture, have become items of usual and ordinary nature." Moreover, not only are automobiles articles of a usual and ordinary nature, but the respective makes are relatively few and their prices are better known and more widely discussed by both young and old than any other important article of commerce. The evidence in question established beyond a reasonable doubt that the value of the car was in excess of $150.

The judgment of the trial court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.