THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES COX *et al.,* Defendants-Appellants.

(No. 11807; )

Fourth District—December 20, 1972.

James R. Streicker, of Defender Project, of Chicago, for appellants.

Basil G. Greanias, State's Attorney, of Decatur, (Jon C. Baxter, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Both defendants appeal from judgments entered by the circuit court of Macon County on October 19, 1971, on jury verdicts of guilty on the charge of burglary and the imposition by the court of a sentence of three to ten years on each defendant. During oral arguments in this court, the State confessed that if *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695, applies to this case, then that decision is controlling on the issue of the admissibility of prior convictions. We think it does.

Both defendants testified and in rebuttal the State offered in evidence the conviction of the defendant White for larceny of a motor vehicle on April 5, 1960, and the conviction of the defendant Cox for burglary on May 9, 1955. Over the objection of the defendants that these exhibits were too remote in time within the purview of *Montgomery,* the trial court admitted them into evidence. It has been rather well recognized in Illinois that whenever a defendant in a criminal trial takes the witness stand, the State could impeach his credibility by showing past convictions of infamous crimes. The crimes for which these defendants were convicted are made infamous by statute. Ill. Rev. Stat. 1971, ch. 38, par. 124—1.

■■ In our judgment, *Montgomery* limits the broad expanse of the general rule as to admissibility and now delineates a perimeter beyond which the trial court cannot go in the admissibility of prior convictions. In it, our Supreme Court recognized Rule 609 entitled "Impeachment by Evidence of Conviction of Crime" adopted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. Paragraph (b) of that Rule entitled "Time Limit" reads: "Evidence of a conviction under this Rule is not admissible if a period of more than 10 years has elapsed since the date of conviction or of the release of the witness from confinement, whichever is the later date". Both convictions here involved are beyond the ten-year limitation noted in the Rule and there is no evidence of a release of either of these defendants from confinement subsequent to the ten-year limit. In like manner, the court in *Montgomery* stated in undebatable language that "in our opinion, the provisions of this Rule should be followed in future cases". It would therefore seem that when the conviction offered to impeach the credibility of a witness is more than ten years old, the trial court is without discretion. When the conviction offered in evidence is within the ten-year perimeter, discretion is permitted in accordance with

the views expressed by Judge Burger, now Chief Justice, in *Gordon v. United States* (D.C. Cir. 1967), 383 F.2d 936, enunciating various factors that will govern the discretion of the trial court such as, the nature of the crime, nearness or remoteness, the subsequent career of the person, and whether the crime was similar to the one charged. Within the ten-year limitation, therefore, the judge may exercise his discretion in the admissibility or inadmissibility of prior convictions and weight the importance of a search for the truth in a particular case and determine whether it is more important for the jury to hear the defendant's story than it is to know of a remote prior conviction. We think an experienced trial judge has the sensibility and the understanding which can be reasonably relied upon to strike a reasonable balance between the interest of the defendant in taking the stand and the interest of the public in arriving at the truth. Prior convictions of infamous crimes of long ago ought not impeach the credibility of a witness unless subsequent events demonstrate that release from confinement was within the ten-year period.

The other points raised on this appeal are not likely to recur in a retrial and we do not deem it necessary to comment upon them. Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

Reversed and remanded.

CRAVEN, P. J., and SIMKINS, J., concur.