The People of the State of Illinois, Plaintiff-Appellee, *v.* Russell Hodges, Defendant-Appellant.

(Nos. 72-280-1 cons.; ▮▮▮▮▮▮

Third District—July 11, 1974.

Dennis Norden, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant, Russell Hodges, was indicted for the crime of armed robbery and after a jury trial was found guilty and sentenced by the

Circuit Court of Kankakee County to a term of not less than 6 years nor more than 12 years to run concurrently with a sentence of not less than 5 years nor more than 10 years for a prior conviction of armed robbery. He has appealed contending, that the court erred:

1. In denying his motion to dismiss under the 120-day statute (Section 103—5 of the Code of Criminal Procedure).
2. In failing to suppress the in-court identification of defendant;
3. In denying his motion to suppress evidence of a prior conviction;
4. In improperly questioning witnesses and "putting down" his trial counsel; and
5. That he was not proven guilty beyond a reasonable doubt; and
6. That his sentence should be reduced.

Dennis Wheeler and David Wheeler were working at Ray's Shell Station in Kankakee, Illinois, on January 31, 1972, at about 7 P.M., when two male Negroes entered the establishment. One was masked, and the other, identified by Dennis Wheeler as the defendant, was attired in a green stocking cap, jacket and slacks. The defendant, while armed with a gun, ordered Dennis Wheeler to empty his wallet and both robbers ordered the Wheelers to a back room where they were told to stay. All the lights were on making the area comparable to daylight. Dennis looked at defendant for approximately 5 minutes and as close as 1 foot during the robbery.

When the two armed men had left, the Wheelers called police. On February 10, 1972, Richard Whitehead, a detective, showed 10 "mug shots" to both Wheelers and Dennis picked out a picture of the defendant as one of the robbers. David was unable to identify any picture.

At a pre-trial hearing, Dennis testified that the unmasked man had "sort of a mustache", while at trial he stated that he could not tell for sure whether the robber had any facial hair. The police report made by Detective Whitehead shortly after the robbery did not mention any facial hair on the part of the unmasked robber.

The defendant presented an alibi defense.

On June 19, 1972, the case was set for trial and on that date the defendant filed a motion to dismiss on the ground that 128 days had elapsed since he was in custody. The motion was denied.

■■ This contention was not mentioned in defendant's written post-trial motions. "Where the grounds for a new trial are stated in writing, the accused is limited on review to the errors alleged therein and all other errors are deemed to have been waived" (*People v. Hairston*, 46 Ill.2d 348, 367; *People v. Dixon*, 10 Ill.App.3d 1038, 1040). Further, the record is clear that on April 21, 1972, the defense made a motion for continu-

ance of a hearing on his motion to suppress in-court identification because one of defendant's witnesses could not appear at the time set for hearing. The trial court asked defendant personally if he had any objection to the continuance to which he responded that he did not. Again, on May 15, 1972, on motion of defendant's counsel, the cause was continued to May 30, 1972. Again defendant personally assented. On May 24, 1972, the case was called for trial and again the defendant personally agreed to his counsel's request for a continuance. The record is devoid of any continuance requested by the State. It has consistently been held that a continuance granted at the request of the defendant is a delay occasioned by the defendant. ( *People v. Young*, 46 Ill.2d 82, 84; *People v. Gulick*, 7 Ill.App.3d 427, 430.) The trial court properly denied defendant's motion.

Defendant next contends that the trial court erred in failing to grant his motion to suppress in-court identification for the reason he argues that the record shows the procedure used by the state was biased and prejudicial.

On February 10, 1973, both Wheelers were invited to come to the Kankakee Police Department to view some "mug shots" for a possible identification of the robbers. Each were shown 10 pictures. Each picture was covered by a small piece of cardboard leaving only the face and head area visible. They were shown one photograph at a time. No conversation was had until Dennis picked out the photo of defendant. He was then asked if he was positive it was the man and he replied that he was. David Wheeler was unable to identify any picture. Dennis Wheeler recognized several of the persons whose pictures were shown to him and had seen one of them at his bowling alley. He was then told that that person was not involved in the robbery.

██ We need not make a determination whether the identification procedure was improperly suggestive. This is because even if it were so determined, the in-court identification by the witness would be admissible if it were based on a source independent of and uninfluenced by the suggestive pre-trial procedure. *People v. Johnson*, 55 Ill.2d 62.

██ Here Dennis viewed the defendant at close range for approximately 5 minutes during the robbery. The lighting was equal to daylight. There was no impediment to complete observation. We conclude that there was clear and convincing evidence that the identification of the defendant had an origin independent of the photo line-up and was properly received in evidence. *People v. Connolly*, 55 Ill.2d 421, 427.

Prior to trial defendant made a "Motion for Ruling Concerning Impeachment of Defendant by Prior Infamous Conviction." The motion referred to a prior conviction of defendant for armed robbery on May 4, 1970, and asked that it be suppressed. Defendant contends that the trial

court erred in not suppressing the prior conviction, citing *People v. Montgomery*, 47 Ill.2d 510, and *People v. Cox*, 8 Ill.App.3d 1033. In *Cox*, the prior convictions were more than 10 years old and there was no showing that defendants had been released from confinement within 10 years of a subsequent burglary prosecution. In *People v. Montgomery* the supreme court held that proof of prior convictions for purposes of impeachment was to be governed by Rule 609 adopted by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, and implicitly adopted the holdings of *Luck v. United States*, 348 F.2d 763, and *Gordon v. United States*, 383 F.2d 936.

■■  When the prior conviction is within the 10-year perimeter of Rule 609 as in the instant case, discretion of the trial judge is permitted in accordance with the views suggested in *Gordon* by Judge Burger, now Chief Justice, enunciating various factors that will govern the discretion of the trial court in making the determination: the nature of the crime, nearness or remoteness, the subsequent career of the person, and whether the crime was similar to the one charged.

The ruling of the trial judge concerning defendant's prior conviction meets the standards set forth in *Montgomery* and it was not error.

The defendant next contends that the trial court erred in certain questioning of two of the witnesses and in the making of a comment. Four questions and answers deemed prejudicial by the defendant were asked of David Wheeler (who had been unable to identify the defendant):

"The Court: Mr. Witness, did you pay much attention to the man in the green stocking cap?

A. No, I didn't.

The Court: Why?

A. Because the other man had a gun on me and he was giving the orders.

The Court: That is the one you paid attention to?

A. I didn't get you.

The Court: But that is the one you paid attention to?

A. Yes, because he was giving the orders."

■ ■ A trial judge does not play the part of an owl, merely gazing at the participants and looking wise. He must observe with care and seek to understand the issues and the testimony. If a question or an answer appears confusing, it is not only his right but his duty to seek to clarify it. (*People v. Gaston*, 85 Ill.App.2d 403.) A judge may intervene in order to ask questions to bring out information that has not been brought out (*People v. Rongetti*, 331 Ill. 581), and to ask questions as to points that are obscure in the testimony. (*Dunn v. People*, 172 Ill. 582.) He must

however, use great care not to assume the role of advocate (*People v. Trefonas*, 9 Ill.2d 92; *People v. Santucci*, 24 Ill.2d 93).

Patricia Foster, the defendant's girl friend, 17 years of age, was the second of two alibi witnesses for the defendant, the first having been William McDowell. McDowell, of Chicago, testified that defendant was staying with him in his Chicago apartment all day long on the day of the crime, until they left for a party, the defendant leaving first and the witness going later at 8:30 or 9 o'clock in the evening to a party for Patricia Foster. On cross examination McDowell stated that he had not gotten to the party until 2 A.M.

Foster then testified that a party was given for her on the date of the crime, at her home in Chicago, a sort of late birthday party and that the defendant was at her home all that day, having gotten there the day before; that he had left about 8 in the morning, had returned about 8 to 8:30 and stayed until about 3:30 in the morning; that he had left earlier with Charles McDowell and they had come back about 8:30. Counsel for defendant appeared to have difficulty in understanding what witness Foster had stated and then re-questioned the witness on times of arrival and departure of defendant from Foster's party. Example:

"Q. He came to the party once and left?

A. He was there at the party already.

Q. I see.

A. Because he had stayed that night and he was there when he left and he came back to the party.

Thereupon the Court asked the following:

Court: I don't understand what you are talking about. You are telling the jury and me that he was there at your party already— that means before 8:00?

A. Yes—before it started.

Court: How long before 8:00?

A. All that morning.

Court: He was there all that morning?

A. Before the party started.

Court: I don't understand you—when you say all that morning, what hours do you mean?

A. From 1:00 until—

Court: 1:00 in the morning until when?

A. Yes, until about sometime that afternoon when he left.

Court: Sometime that afternoon he left?

A. Yes.

Court: And he was at your party all that time, is that true?

A. Yes.

Court: Who did he leave with?

A. He left alone.

Court: And then he came back?

A. Yes.

Court: What time did he come back?

A. About 8:00.

Court: About 8:00. You don't know where he went between 1:00 P.M. in the afternoon and 8:00 o'clock, do you?

A. No.

Court: But from 1:00 in the morning until 1:00 that afternoon he was at your party—and what was the address of your party?

A. 8539 Maryland.

Court: That isn't the same house McDowell lives in, is it?

A. No."

This appears to be nothing more than an attempt to clarify the testimony. We have reviewed the cases cited by defendant in support of his contention that the trial judge took over the role of prosecutor and find neither of them applicable on the facts.

Defendant contends also that his trial counsel's wisdom and strategy was questioned in the presence of the jury when his counsel offered into evidence the 10 "mugshots" used by police officers in the pre-trial photographic identification procedure. The offer was made at the close of all the evidence. All the photographs bear legends with the lettering. "Kankakee Ill PD", a date, and a name, and date, in the form of a plaque fitted with interchangeable letters, hung around the neck of the photographed individual with a chain, and resting on the subject's chest. The photograph of the defendant bore the following lettering:

> "KANKAKEE ILL            PD
> 14 JAN 71                    LH
> RUSSELL  HODGES
> 1961                        "

The record shows the following:

"Defense Counsel: Your Honor, at this time I move to introduce into evidence Defendant's Exhibits 1 through 10 inclusive.

State's Attorney: No objection.

Court: You are sure you want them in?

Defense Counsel: Yes, I do, Your Honor.

Court: I want to make sure.

Defense Counsel: And the Defense rests.

Court: Just remember they are your exhibits. They will be admitted at the Defendant's request."

The photograph of defendant shows a date of January 14, 1971, prior to the date of the instant crime, and could be construed by the jury to indicate an arrest on that date, of a nature that has been held prejudicial by this court, as conveying to the jury the concept of the propensity to crime. (*People v. Hawkins*, 4 Ill.App.3d 471.) The trial court did not, by its cautionary query, reflect upon the defendant's case, but did serve as a reminder to counsel of the possible dangerous implications arising from the introduction of the photographs in evidence. The defense attorney was not roughly handled by the judge, nor does there appear any likelihood or possibility that the judge affected the verdict by his remarks, either expressly or by necessary implication.

As was said by our supreme court in *People v. Marino*, 414 Ill. 445, 452, "It is essential that jury trials shall be managed fairly, and that trial judges shall not only be just to both sides, but that they shall conduct themselves in such a manner that an impartial state of mind is apparent to all concerned," and on page 450, "Jurors are ever watchful of the attitude of the trial judge and his influence upon them is necessarily and properly of great weight, thus his lightest word or intimation is received with deference and may prove controlling. * * * Hostile conduct by the court toward an accused's counsel is another factor which may well tend to influence a jury to the prejudice of accused."

In this case we are satisfied, and it is clear from the record that none of the questioning by the trial judge, or the comment by the trial court, was prejudicial. We note further that the jury was instructed in the language of IPI-Criminal 1.01.

Defendant also contends that the State failed to prove him guilty beyond a reasonable doubt because of inconsistencies in the State's evidence coupled with defendant's alibi.

The evidence herein supports the verdict. The fact that the crime was committed is not in question. The identification of the defendant by Dennis Wheeler was positive and immediate and with ample opportunity to observe during the commission of the crime, as to lighting, length of time, distance and absence of any impediment to complete observation. Precise accuracy in describing facial characteristics is unnecessary where an identification is positive. (*People v. Brooks*, 13 Ill.App.3d 1003, 1007; *People v. Catlett*, 48 Ill.2d 56, 63.) Testimony of a single witness who has ample opportunity for observation is sufficient to convict, although contradicted by alibi witnesses. (*People v. Rodgers*, 53 Ill.2d 207, 214; *People v. Stringer*, 52 Ill.2d 564, 569.) Further, in the instant case, the two alibi witnesses contradicted each other substantially as to times of

day testified to. The jury had ample reason to disbelieve the alibi testimony. We hold that the guilt of defendant was established beyond a reasonable doubt.

Defendant in his final point of argument contends that the minimum term of sentence should be reduced to 4 years in order to preserve the principle of indeterminacy. That principal should be "a guide and not a hard and fast rule." *People v. Scott,* 117 Ill.App.2d 344.

■■ The offense for which defendant here stands convicted had a minimum of 5 years at the date of commission of the offense. The present minimum is 4 years under the Unified Code of Corrections and the minimum is required to be 4 years unless the nature of the offense and the history and character of defendant warrant the imposition of a higher term. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1.) In this case the history and character of defendant and the nature of the offense justified the sentence imposed. *People v. Williams,* 14 Ill.App.3d 572, 579; *People v. Earl,* 14 Ill.App.3d 617, 618; *People v. Lewis,* 15 Ill.App.3d 8.

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.