The People of the State of Illinois, Plaintiff-Appellee, *v.* Kenneth Graham, Defendant-Appellant.

(No. 74-199;

Fifth District—April 11, 1975.

Stephen P. Hurley and Thomas F. Sullivan, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

After a jury trial in the circuit court of St. Clair County, the defendant was convicted of the offense of theft over $150 and sentenced to a term of imprisonment of not less than 3 nor more than 9 years. The defendant was represented by the public defender.

The defendant's initial contention is that his conviction must be reversed because he was not proven guilty beyond a reasonable doubt. We disagree.

There is no dispute in the testimony that on August 2, 1973, Raymond Preston was living in East St. Louis, Illinois, and had two automobiles and a boat for sale. On that date the defendant came to Preston's home and expressed an interest in a 1966 Oldsmobile owned by Preston. The two men went for a test drive of the car at about 2:30 P.M. At the defendant's suggestion, the men stopped at a tavern to have a beer and to discuss the sale of the car. After reaching an agreement, they

returned to Preston's home, the defendant driving the car. It is at this point that the testimony of Preston and the defendant diverges.

Preston testified that the defendant had agreed to purchase the car for $475, that the defendant said that he would not have the money for a few days and that the defendant was not to be given possession of the car until payment was made. According to Preston, he was going to give the defendant a ride to Granite City, Illinois, after leaving the tavern. The men stopped at Preston's home first so that Preston could change shoes and pick up his lunch. After the defendant drove the car into Preston's driveway, Preston went into his house leaving his car keys and the defendant in the automobile. About 1 or 2 minutes later, Preston heard his wife yell that the defendant was backing the car out of the driveway. Preston then looked out a window and saw the defendant drive the car away. Mrs. Preston immediately called the police.

On August 5, 1973, Preston found his car in Collinsville, Illinois. The vent window on the driver's side of the car was broken and the trim around the vent window was pried loose and bent out of shape. Several items were missing from the trunk, and some items that did not belong to Preston were found in the car. Preston's license plates had been removed, and another set of plates had been put on the car.

Preston's wife, Regina Preston, testified that she saw the defendant drive away in her husband's car on the date in question. She called the police a few minutes later to report that the car had been stolen.

The defendant testified that he and Preston had reached an agreement while they were at the tavern. According to the defendant, the terms of the agreement were that the car was to be sold for $295, that payment was to be made the following Monday and that the defendant was to have possession of the car during the interim period. The defendant further testified that, pursuant to the agreement with Preston, he drove Preston home after they left the tavern and then drove away in the car. The defendant immediately drove to a garage and put new license plates on the automobile. The defendant stated that the car broke down when he was in Collinsville late the next evening. He claims that he left a note on Preston's door early the next morning explaining the situation, that he then returned to the car and failed to get it started and that he then left the car with the keys in it. The defendant testified that he did not do any damage to the car and did not remove any articles from the car. He did not attempt to contact Preston again.

Both Mr. and Mrs. Preston testified that they did not find a note on their door.

■■ The defendant contends that the State failed to prove two elements of the offense as charged in the indictment. First, he contends

that it was not proven that the defendant exercised unauthorized control over Preston's car. The defendant testified that he was authorized to possess the automobile. Preston testified, however, that the defendant was not authorized to take the car and that he would not be so authorized until full payment was made for the car. He stated that he left the defendant alone in the car temporarily so that he, Preston, could change shoes and pick up his lunch. Preston was then going to drive the defendant to Granite City. It is the jury's province to judge the credibility of the witnesses, to weigh the testimony and to determine matters of fact. (*People v. Benedik*, 56 Ill.2d 306, 307 N.E.2d 382.) A jury is entitled to disbelieve the testimony of a defendant. (*People v. Lahori*, 13 Ill.App.3d 572, 300 N.E.2d 761.) Since the jury in the instant case had the right to believe Preston and to disbelieve the defendant, the evidence was sufficient to prove that the defendant did exercise unauthorized control over Preston's automobile.

■■ The second element of the offense which the State allegedly failed to prove was that the defendant had the intent to permanently deprive Preston of the use or benefit of his property. It is well established that in a trial for theft the required mental state may be deduced by the trier of fact from the facts and circumstances surrounding the alleged criminal act. (*People v. Heaton*, 415 Ill. 43, 112 N.E.2d 131; *People v. McClinton*, 4 Ill.App.3d 253, 280 N.E.2d 795.) Whether a defendant who is accused of stealing a motor vehicle had the felonious intent to permanently deprive the owner of the motor vehicle is a question for the jury. (*People v. Heaton*; *People v. Boyd*, 108 Ill.App.2d 473, 247 N.E.2d 912.) The evidence in the case at bar was sufficient to prove that the defendant took Preston's automobile without authority and used the automobile for 2 days. The defendant changed license plates on the car and according to Preston, did not return Preston's license plates. Two days after taking the car, the car broke down and was abandoned by the defendant in another city. While the defendant claims that he left a note at Preston's home explaining the situation, Mr. and Mrs. Preston testified that they received no such note. The defendant admitted that, except for leaving the note, he made no attempt to contact Preston. The jury was justified in finding from these facts and circumstances that the defendant did possess the requisite felonious intent.

The defendant also contends that the trial court erred in refusing to consider his request for appointment of private counsel. The defendant claimed indigency at his arraignment, and the public defender was appointed to represent him. After a plea of not guilty was entered, the defendant consulted briefly with the public defender. The public defender then informed the court that the defendant desired that another

attorney be appointed to represent him. The court stated that the motion was premature and, without any further comments, the arraignment proceeding was concluded. The defendant never again requested that other counsel be appointed. The public defender never filed a motion to withdraw as counsel. In the post-trial motion filed on behalf of the defendant, no argument was made that another attorney should have been appointed.

Section 4 of "An Act in relation to the office of Public Defender" (Ill. Rev. Stat., ch. 34, par. 5604) provides that the trial court shall appoint counsel other than the public defender to represent an indigent defendant if the defendant demands and shows good cause for the appointment. If a defendant does not show good cause, the trial court need not grant a request for appointment of another attorney. *People v. Gratton*, 19 Ill.App.3d 503, 311 N.E.2d 717; *People v. Lairson*, 131 Ill.App.2d 612, 266 N.E.2d 735.

■■ The defendant does not allege that he did show good cause for appointment of counsel other than the public defender. He argues that the court erred in denying his motion without giving him an opportunity to show good cause. The defendant's argument is without merit, because he errs in stating that the court denied the motion to appoint counsel other than the public defender. The court merely stated that the motion was premature. It was obvious from that ruling that a motion for the appointment of another attorney could be made at a subsequent date if the defendant chose to do so. Thus, the court did not refuse to give the defendant an opportunity to show good cause why an attorney other than the public defender should be appointed. The defendant failed to make a subsequent motion, and he never attempted to show cause why another attorney should be appointed. Thus, the trial court committed no error in failing to appoint counsel other than the public defender to represent the defendant.

■■■ The defendant's final contention is that the court erred in permitting the State to introduce into evidence proof of a prior conviction of the defendant. The defendant filed a pretrial motion *in limine* seeking an order prohibiting the State from introducing his prior conviction into evidence. A hearing was held on the motion, and the court ruled that the defendant's prior conviction for theft would be admissible for impeachment purposes. After the defendant testified at trial, the State did introduce evidence of the defendant's prior conviction. The guidelines for the admission of prior convictions were established in the landmark case of *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. In that case our supreme court held that proof of prior convictions for purposes of impeachment was to be governed by Rule 609 adopted by

the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. The rule provides that (1) the credibility of a defendant may generally be impeached by evidence of a prior conviction if such crime was punishable by death or imprisonment of more than 1 year or if the crime involved dishonesty, (2) proof of the prior conviction should not be admitted if the court determines that the probative value of the evidence of the conviction is substantially outweighed by the danger of unfair prejudice, and (3) evidence of the prior conviction should not be admitted if a period of more than 10 years had elapsed since the date of conviction or of the date of the release of the defendant, whichever is the later date. In exercising its discretion the trial court is to consider such factors as the nature of the prior conviction, the nearness or remoteness of the prior conviction, the subsequent career of the defendant and the similarity between the previous offense and the one charged. (*People v. Stufflebean*, 24 Ill.App.3d 1065, 322 N.E.2d 488; *People v. Hodges*, 20 Ill.App.3d 1016, 314 N.E.2d 8.) The prior conviction introduced to impeach the defendant in the instant case was for the offense of theft, an offense which reflects adversely on a person's honesty and integrity and thus relates to his credibility. (*Gordon v. United States*, 127 U.S. App. D.C. 343, 383 F.2d 936 (D.C. Cir. 1967).) The theft conviction occurred only 4 years prior to the trial in the instant case. Under these circumstances we find that the court did not abuse its discretion by admitting proof of the prior conviction into evidence.

■■ The defendant argues that, even if the prior conviction was admissible for impeachment purposes, the court erred in admitting the evidence for the wrong reason. The defendant relies on the fact that, while the State's Attorney's argument on the question is confusing, he seemed to be contending that the prior conviction should be admitted as substantive evidence rather than merely as impeaching evidence. The defendant therefore argues that, in making the ruling as to the admissibility of the prior conviction, the trial court did not comply with the *Montgomery* standards. The argument is without merit. In ruling that the prior conviction was admissible, the trial court specifically considered the nature of the prior offense and the fact that the prior conviction was only 4 years prior to the trial in the instant case. In any event, when a defendant claims on appeal that the trial court erred in admitting a prior conviction, a reviewing court will normally assume that a trial judge had given appropriate consideration to the relevant factors without requiring a specific evaluation in open court of each of them. (*People v. Washington*, 55 Ill.2d 521, 304 N.E.2d 276.) It is clear from the record in the instant case that the trial court did have an

adequate basis upon which to exercise its sound discretion. The trial court specifically stated that the prior conviction was admitted for impeachment purposes, and the jury was instructed that the prior conviction was to be considered only insofar as it may affect the credibility of the defendant. We find, therefore, that the trial court did not err in admitting proof of the prior conviction into evidence.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

· Affirmed.

EBERSPACHER and CARTER, JJ., concur.