THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS M. EATHERLY, Defendant-Appellant.

Second District   No. 78-74

Opinion filed November 16, 1979.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

After a bench trial defendant, Thomas M. Eatherly, was convicted of theft of an automobile valued in excess of $150 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)) and criminal damage to property (Ill. Rev. Stat. 1975, ch. 38, par. 21—1) and was thereafter sentenced to 3 to 9 years for theft and 364 days for criminal damage to property to be served concurrently.

On appeal defendant makes the following contentions: (1) that the trial court erred in denying his pretrial motion to suppress his statement;

(2) that the evidence did not establish he intended to permanently deprive the owner of his property or that it exceeded $150 in value and (3) that the trial court unduly restricted cross-examination of a juvenile witness.

From the evidence adduced in trial it appears that on the evening of July 8, 1977, defendant left a party in Waukegan, Illinois, with Laurie Chandler and David Olson. Chandler and Olson testified that they had all been drinking beer and smoking marijuana and Eatherly left them saying that he had to "get some transportation," returning about 10 minutes later driving a 1966 Volkswagen which he said he had hot-wired. Defendant and his two friends then drove around Waukegan for an hour or two during which time a part of the rear bumper of the car came off while defendant was making a turn. He tore off the rest of the bumper and they continued to drive until the car went into a swamp where they abandoned it. The police recovered the automobile several days later at which time it was in a severely damaged condition in that its roof and hood were caved in, its headlights and windshield broken out, and the rear seat, spare tire and battery were missing. There was evidence that some of the damage to the vehicle was caused by others after defendant left it in the swamp.

Peter Posemato, who was employed as a body and fender repairman in Barrington, Illinois, testified that the car belonged to him, having purchased it for $200 in December of 1976. He testified he had repaired and painted the vehicle and that its value at the time it was stolen was $600.

Defendant was arrested on July 27, 1977, and taken to the Waukegan Police Department where detective Walter Williams read to him the *Miranda* warnings from a preprinted form. Williams testified that defendant was advised of his rights in the following manner:

"I read to him he had the right to remain silent, I asked him if he understood that and he stated yes.

I read to him anything you say can and will be used against you in a court of law, I asked him if he understood that and he stated yes.

I advised him you have the right to consult with a lawyer before you answer any questions or make any statement and have him present during questioning, I asked him if he understood that and he stated yes.

I advised him if he could not afford a lawyer one would be appointed for you before questioning or at any time during questioning if you so desire, I asked him if he understood that and he stated yes.

I advised him if you answer any questions or make any statement without consulting a lawyer or without having a lawyer

present during questioning, you will still have the absolute right to stop answering questions or making any statement until you consult with a lawyer or have a lawyer present during further questioning, I asked him if he understood and he stated yes, he did."

The officer then gave defendant a rights waiver form to sign and testified defendant looked it over and said he did not wish to sign anything at that time.

Officer Williams asked defendant about the damage to the Volkswagen and testified, "[a]t this time he [defendant] stated he would tell me but it would, you know, this is off the record, but I'll tell you what happened" and proceeded to state he had stolen the car because he had a drinking problem and was drunk that night and tired of walking and that he knows how to hot-wire Volkswagens. He further stated that while the three of them were in the car it became stuck in the mud and when they tried to pull it out the bumper came off and that was the only damage they had done to the car. Officer Williams further testified he then asked defendant to relate how he had stolen the car and defendant said he did not want to make any statement about that until he conferred with his lawyer. The questioning ceased and defendant was returned to his cell.

■■ We must first consider whether defendant has waived review of the errors claimed by his failure to file a post-trial motion in the trial court as is required by section 116—1(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 116—1(b)). (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) The State refers to *People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86, and *People v. Stinnette* (1977), 49 Ill. App. 3d 134, 363 N.E.2d 945, as authority for application of the waiver rule in this case. *Schoo* and *Stinnette*, however, must be distinguished from the present case as there the errors deemed waived because not raised by a post-trial motion, or otherwise presented to the trial court for possible correction, did not relate to issues of the sufficiency of the evidence to sustain the findings of the trial court. It has been generally held by the appellate court that in a bench trial a post-trial motion is not necessary to preserve for review questions regarding the sufficiency of the evidence and that other claims of error will also be preserved for review after a bench trial if they were brought to the attention of the trial court. (See *People v. Larsen* (1st Dist. 1977), 47 Ill. App. 3d 9, 361 N.E.2d 713; *In re Driver* (4th Dist. 1977), 46 Ill. App. 3d 574, 576, 360 N.E.2d 1202, 1204; *People v. Papproth* (5th Dist. 1977), 56 Ill. App. 3d 683, 371 N.E.2d 1097; *People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 338 N.E.2d 239.) As each of the issues which defendant presents for review in this case involve a question of the sufficiency of the evidence to sustain his conviction or alleged error specifically called to the attention of the trial court, they will

not be considered waived although not properly preserved by a post-trial motion.

Defendant contends first that his inculpatory statement regarding the damage to the automobile must be suppressed as he did not knowingly and voluntarily waive his right to remain silent. (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The thrust of his argument is that there was an additional duty imposed upon the investigating officer in these circumstances to advise him that his "off the record" statement could also be used against him.

■■ It is well established in Illinois that an express waiver of those rights described by the court in *Miranda* is not required and if after a defendant has been informed of them and states he understands them he chooses to speak to an officer without requesting an attorney, sufficient evidence is presented that he knows his rights and has chosen not to exercise them. (*People v. Brooks* (1972), 51 Ill. 2d 156, 164, 281 N.E.2d 326, 332; *People v. Jenkins* (1978), 67 Ill. App. 3d 565, 568, 384 N.E.2d 1348, 1350; *People v. Riley* (1977), 49 Ill. App. 3d 304, 364 N.E.2d 306.) Defendant Eatherly was 20 years old with extensive experience in police investigative processes. He had been convicted of 11 separate prior offenses, including burglary in 1974, for which he was sentenced to 1 to 3 years, and intimidation in February 1977, for which he was sentenced to 1 to 1½ years and paroled. He does not suggest he was inadequately advised of his right to remain silent as is required by *Miranda*, nor did he testify that he either failed to understand those rights or that he had some basis to believe he had an additional right to make a statement "off the record" which could not thereafter be used against him. Defendant did not inquire of Officer Williams whether he could speak off the record but, instead, stated he would do so and proceeded to respond to the officer's question regarding damage to the vehicle. Neither *Miranda* or any other presently existing rule of law requires that a defendant be admonished that there is no "off the record" privilege (*cf. People v. Prude* (1977), 66 Ill. 2d 470, 476, 363 N.E.2d 371, 373-74; *People v. Smith* (1977), 50 Ill. App. 3d 320, 327, 365 N.E.2d 558, 563), nor did defendant testify that he would not have made a statement to the officer had he known it could be used against him even though "off the record." Such a claim would be quite clearly inappropriate in the face of the warning given to him that "anything you say can and will be used against you in a court of law" which he said he understood.

Defendant's argument in this regard appears to be similar to that advanced and rejected in *United States v. Frazier* (D.C. Cir. 1973), 476 F.2d 891, where on appeal a defendant asserted he thought that only written, but not oral, statements could be used against him as the officer had failed to refer to both in his admonishment that anything he said

could be used against him. Nor do we believe the formal *Miranda* requirements should be expanded beyond the clear advice that "anything you say" may be used against a defendant under the circumstances seen in this case where the officer fully performed his duty in accordance with the *Miranda* decision and did nothing to mislead defendant as to his right to remain silent. *Cf. People v. Tanser* (1979), 75 Ill. App. 3d 482, 394 N.E.2d 616.

■■ ■ Defendant also contends his statement should have been suppressed because the record is unclear whether he requested an attorney before or after making it and the State has therefore failed to sustain its burden of proof that questioning ceased at that point. *(People v. Medina* (1978), 71 Ill. 2d 254, 375 N.E.2d 78.) Defendant did not testify, and he bases this argument on semantical differences between the testimony of Officer Williams on direct and cross-examination. It is apparent from the record, however, that the officer testified he stopped questioning immediately when defendant stated he wished to talk to a lawyer and returned him to his cell. We find that the trial court's determination that defendant's request for counsel was scrupulously honored is not contrary to the manifest weight of the evidence. *(Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321.) We further find that if any error occurred in the admission of defendant's statement it could only be harmless beyond a reasonable doubt in view of the other overwhelming evidence of his guilt. *People v. Washington* (1977), 68 Ill. 2d 186, 369 N.E.2d 57; *People v. Eason* (1976), 44 Ill. App. 3d 308, 357 N.E.2d 1191.

Defendant next argues there was insufficient evidence to prove he intended to permanently deprive its owner of the use of the automobile. He notes that the evidence is he took the car after hot-wiring the ignition as he was tired of walking and then drove it around for one or two hours "popping wheelies" and making "donut turns." When it became stuck in the swamp defendant and his companions abandoned it there. He now suggests these facts do not support the finding of the requisite intent necessary to sustain the charge of theft.

■■ A similar argument was made and rejected in *People v. Boyd* (1969), 108 Ill. App. 2d 473, 247 N.E.2d 912, on facts similar to those presented here. The *Boyd* court noted that intent is closeted within the mind and can only be ascertained by referring to those facts and circumstances touching upon it. Nothing is seen in this record suggesting defendant intended to return the car to its owner or to leave it in a place where the owner could safely recover it. Defendant left the car in the swamp when it became stuck and he could travel no further in it. The necessary intent for theft can be reasonably inferred from this evidence and we will not disturb that determination by the trial court.

■■ Defendant contends also the State failed to prove the value of the stolen vehicle exceeded $150 so as to sustain his conviction of felony theft. We do not agree. The owner testified he had purchased it in December 1976 for $200 and thereafter expended $275 to $300 for labor and materials to restore it to a good condition. Our supreme court has recently determined that evidence of the reasonable cost of repairs is a proper measure of damages to consider in determining a defendant's criminal responsibility when charged with causing damage in excess of $150 to an automobile in violaton of section 21—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 21—1). (*People v. Carraro* (1979), 77 Ill. 2d 75, 394 N.E.2d 1194.) The same reasoning should apply here. It has also been held that the value of personal property may be proven by the uncontroverted testimony of its owner. *People v. Miller* (1975), 27 Ill. App. 3d 788, 327 N.E.2d 253; *People v. Newton* (1969), 117 Ill. App. 2d 232, 254 N.E.2d 165.

The final contention which we consider is whether the trial court unduly restricted defendant's cross-examination of Laurie Chandler, age 16, who rode with him in the stolen automobile. Chandler was called by the State and her testimony implicated defendant in these offenses. On cross-examination defendant's counsel inquired of her whether any charge had been brought against her in juvenile court as a result of the incident in question, but the State's objection was sustained by the trial court. Defendant now argues he was thus prevented from determining whether the witness had any motive for falsifying her testimony in favor of the State. *People v. Mason* (1963), 28 Ill. 2d 396, 192 N.E.2d 835; *People v. Barr* (1972), 51 Ill. 2d 50, 280 N.E.2d 708.

Section 2—9(1) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—9(1)) prohibits use of proceedings brought under the Act as evidence against a minor for any purpose in another proceeding. Our supreme court considered the conflict between the interest of the State in preventing disclosure of a minor's criminal record and a defendant's sixth amendment right to cross-examination in *People v. Norwood* (1973), 54 Ill. 2d 253, 296 N.E.2d 852. It held the statute was not absolute and that it was error in that case to prohibit use of juvenile records for the purpose of impeaching the credibility of a juvenile witness by showing a possible motive for testifying falsely. In *Norwood*, however, the juvenile was the only witness whose testimony implicated defendant in the crime. See also *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (juvenile described as "a crucial identification witness").

Defendant refers us to *People v. Hamilton* (1974), 17 Ill. App. 3d 740, 308 N.E.2d 216, which found that the rule stated in *Norwood* could not be distinguished on the basis of whether the testimony of a minor-accomplice is crucial, necessary to conviction or merely cumulative.

Defendant contends this case must therefore be reversed and remanded for a new trial in which defendant's right to confront this witness will be honored.

The State, however, refers us to *People v. Holsey* (1975), 30 Ill. App. 3d 716, 332 N.E.2d 699; *People v. Montgomery* (1974), 19 Ill. App. 3d 206, 311 N.E.2d 361; and *People v. Clark* (1977), 55 Ill. App. 3d 379, 370 N.E.2d 1111, which suggest that a less absolute rule than that of *Hamilton* would better protect the competing interests at stake. In *Holsey* the court considered *Norwood* and *Davis* and concluded that in determining the permissible scope of cross-examination in such cases the trial court should balance the importance of the juvenile's testimony to defendant's case against the State's policy of preserving the anonymity of a juvenile's record. There, as in the present case, the juvenile was neither the only witness nor a crucial witness essential to the prosecution.

■■ In applying these considerations we find that the trial court did not abuse its discretion in its limitation of the cross-examination of the minor witness in this case. She was not the only witness to the offense, and her testimony was substantially corroborated by David Olson, who also had accompanied defendant during the theft of the car. Further, defendant was permitted to inquire of this witness whether any promises had been made to her by the State's Attorney or police to which she responded, "no." The only relevance of the barred question was whether the witness had received a promise of leniency from the State which might affect her testimony, and it is apparent defendant was permitted to substantially inquire into that issue. (*People v. Williams* (1977), 55 Ill. App. 3d 752, 758, 370 N.E.2d 1261, 1266.) In addition, we believe any error in restricting cross-examination of this witness would be harmless beyond a reasonable doubt in view of the noncrucial nature of her testimony and the overwhelming evidence of his guilt. *People v. Graves* (1977), 54 Ill. App. 3d 1027, 1033, 370 N.E.2d 1219, 1223.

For these reasons the judgment of the Circuit Court of Lake County is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.