THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLARD RICHARDSON, Defendant-Appellant.

First District (3rd Division)   No. 86—3113

Opinion filed May 4, 1988.

Paul P. Biebel, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth McCurry, Anthony J. Carballo, and Holly E. Desnet, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Willard Richardson was convicted of theft after a trial without a jury and was sentenced to a term of 30 months. Defendant contends the conviction for felony theft must be reduced to misdemeanor theft because the State failed to prove that the value of the stolen property which he had actual control over exceeded $300 or that defendant had previously been convicted of theft.

Kent Sevilsmoak testified that on November 12, 1985, he arrived home and found that his apartment had been burglarized. The missing property included an IBM personal computer, a color monitor, a second disk drive, and various attachments which together cost approximately $3,000. Also missing were a stereo turntable, color television, leather luggage, linens, an IBM selectric typewriter, a microwave and other personal effects.

Officer William Stump testified that the computer, monitor, typewriter, television, microwave and garment bag were found under a blanket, hidden beneath a rear stairway of a neighboring building. A surveillance was set up, and 45 minutes later a car arrived with defendant driving. Roderick Knight was a passenger. The two men exited the vehicle, opened the trunk and entered the gangway. They lifted the microwave and carried it toward the car when Stump arrested them. Knight's fingerprint was found on a pane of glass in the burglarized apartment.

Defendant testified that Knight told him he had seen some prop-

erty on the ground near a building which was located about one-half hour's drive from defendant's house. Knight wondered whether the equipment was worth picking up or fixing. Defendant drove Knight to the building and gave Knight a flashlight from the trunk. Defendant denied seeing or carrying any merchandise or property.

Defendant argues that the State only proved he carried the microwave oven and that its purchase price was $277. Theft of property with a value exceeding $300 is a Class 3 felony. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(3).) If the value of the property is under $300, the offense is a Class A misdemeanor. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(1).) Defendant maintains that there "was no proof that the defendant obtained control or possession over any of the other items listed in the indictment." Defendant limits his challenge to the sufficiency of the evidence to a contention that his "conviction for felony theft must be reduced to misdemeanor theft and the cause remanded for a new sentencing hearing."

■ Theft is committed when an individual obtains control over stolen property knowing it is stolen or under circumstances which would reasonably induce him to believe the property was stolen, and intends to deprive the owner permanently of the use or benefit of the property. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1).) It is not necessary to have physical possession of each piece of the stolen property so long as the person exerts some control over the property. (*People v. Piszczek* (1949), 404 Ill. 465, 89 N.E.2d 387.) It is only necessary to obtain some measure of control over the property. (*People v. Piszczek* (1949), 404 Ill. 465, 89 N.E.2d 387.) The requisite knowledge that the property is stolen and the requisite intent to permanently deprive the owner of the property may be inferred from the circumstances of the case. *People v. Mertens* (1979), 77 Ill. App. 3d 791, 396 N.E.2d 595.

■ The evidence here established that defendant obtained control over all of the stolen property in the alley. Defendant drove his car that night to an alley, opened the trunk, took the blanket off the hidden property, and began carrying the property to his car. The trier of fact could find defendant's testimony that he and Knight were picking up these numerous pieces of valuable property, which Knight had found on the ground earlier that day, to be incredible. The credibility of witnesses is for the trier of fact to determine. (*People v. Nunn* (1965), 63 Ill. App. 2d 465, 212 N.E.2d 342.) The trial court could conclude from these facts that defendant had constructive control over all of the property hidden under the stairway in the alley, and that the property was valued at more than $300. See *People v. Piszczek* (1949), 404 Ill. 465, 89 N.E.2d 387.

Defendant offers no challenge to the victim's testimony regarding the monetary value of the recovered property. He limits the valuation issue to whether or not he had possession of any property other than the $277 microwave. We note, however, that Sevilsmoak offered uncontradicted evidence regarding the property description and certain values. This evidence was not rebutted by the defense. See *People v. Dell* (1966), 77 Ill. App. 2d 318, 222 N.E.2d 357, *cert denied.* (1967), 389 U.S. 826, 19 L. Ed. 2d 81, 88 S. Ct. 73.

The stolen property, which was all found hidden under the stairs, included a 15-month-old $1,449 IBM personal computer; a three-month-old color monitor, disk drive and various other computer attachments costing approximately $1,500; a three-month-old microwave oven which cost $277; a stereo turntable; an IBM selectric typewriter; a 13-inch color television; leather luggage; bedspread and sheets; a clothes basket, a canvas bag; and other personal effects. It is certainly within the realm of possibility that some or all of the property was completely useless and of no value at all. However, there was no testimony indicating the property was worthless, and Sevilsmoak's testimony implies just the opposite. The owner of personal property of a usual and ordinary nature may testify to its value where he has some familiarity with the property. (*People v. Nelson* (1969), 117 Ill. App. 2d 431, 254 N.E.2d 529.) In fact, Sevilsmoak bought some of the most expensive items only a few months before the theft. We conclude that there was sufficient proof that the stolen property far exceeded the $300 limitation.

The conviction for felony theft based on the theft of property over $300 in value was proper.

Defendant next contends that the offense was improperly enhanced from a misdemeanor to a felony based on defendant's prior convictions. While the prosecutor at the sentencing hearing noted defendant was eligible for an extended term due to prior convictions, there is no indication that defendant was sentenced under the enhancement section. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(1).) Theft of property over $300 is a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(3)), and thus defendant's sentence to a term of 30 months is proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.