(No. 33018.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BETTY MORGAN, Plaintiff in Error.

*Opinion filed March 17, 1954.*

STEPHEN LEE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and FRANK WHALEN, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

Defendant, Betty Morgan, brings this writ of error to review her conviction in the criminal court of Cook County upon an indictment for selling heroin in violation of the Uniform Narcotic Drug Act. She pleaded not guilty and waived a trial by jury. She was found guilty by the court, and sentenced to the penitentiary for a term of not less than two nor more than four years.

The defendant's major contention is that the judgment should be reversed because the prosecution failed to prove a material allegation of the indictment: the sale by her of "two packages, each one-sixteenth of an ounce, of a certain narcotic drug, to-wit: opium, that is to say, heroin." This contention must be appraised against the background of what occurred in the trial court.

When the cause came on for trial, defendant's attorney informed the court, "There will be no contest." The prosecuting witness, Horace King, testified that on August 26, 1952, between 7:00 and 8:00 o'clock in the evening, accompanied by two police officers, he went to defendant's apartment to purchase heroin; that he had made an appointment by telephone for this purpose with defendant, with whom he had been acquainted for two months; that there was but little conversation incident to the sale; that he gave defendant thirty-six dollars in currency, and that she gave him two capsules of heroin. When the assistant State's Attorney asked to have the capsules marked for identification and started to show them to King, defendant's attorney stated: "I will stipulate that it is admissible." Police officer Otto McCollum, assigned to narcotics, testified that defendant, when arrested, admitted the sale of the drugs to King, saying that she had bought them from an unknown man, who left them in a can at a place where she later picked them up. The money paid for the capsules and the capsules themselves were admitted in evidence.

Defendant's explanation of her possession of the capsules she sold to King was that an unidentified man called her on the telephone and directed her to go to Sacramento Avenue and Jackson Boulevard where, he told her, she would find four packages of heroin. She added that if she sold it, two fellows would call for the money. Defendant followed directions and found the packages in a can at the place designated.

There was no proof of the chemical contents of the capsules which were admitted in evidence by stipulation. The prosecution maintains that the sufficiency of the evidence is not open to consideration, in the absence of a motion for a new trial and an adverse ruling thereon. *People v. Lehner,* 335 Ill. 424, on which the prosecution relies, was decided before our decision in *People ex rel. Swanson v. Fisher,* 340 Ill. 250, holding that a defendant may waive his right to a trial by jury. Since then it has been determined that where a cause is heard by the trial judge without a jury, as here, a motion for a new trial is not necessary to preserve for review the question of the sufficiency of the evidence. *People v. Tobin,* 369 Ill. 73.

Although defendant's failure to make a motion for a new trial does not preclude her from making the contention that evidence of the contents of the capsules was lacking, we are of the opinion that the contention cannot be sustained under the circumstances of this case. At the outset defendant's attorney stated that there would be no contest. He stipulated that the capsules were admissible. He made no suggestion that the evidence warranted anything other than a finding of guilty, and confined himself to an argument that the defendant should be given the minimum sentence because she was only a first offender. Defendant herself testified to an illegal sale of heroin and admitted to police officers that she had sold the drugs to King. Where, as here, an accused testifies to an illegal sale of heroin, chemical analysis of the material sold is not necessary.

Defendant also complains for the first time in this court of a remark of the trial judge when examining the defendant following her cross-examination. We need not consider whether this alleged error was properly preserved for review, for a reading of the entire examination of the witness and the simultaneous colloquy between the trial judge and the assistant State's Attorney discloses nothing prejudicial to the defendant.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*