THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL R. HOERNER *et al.*, Defendants-Appellants.

(No. 71-99; 

Fifth District—August 4, 1972.

Dick Mudge, and Burroughs, Simpson & Burroughs, both of Edwardsville, and Rex Carr, of East St. Louis, for appellants.

R. W. Griffith, State's Attorney, of Edwardsville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants Carl R. Hoerner and Janet C. Hoerner, the natural parents of Barry S., Michael R. and John C. Hoerner, minors, appeal from an order of the trial court which placed the custody of Barry and Michael with Walter and Mary Dake and of John with Richard and Jean Jones. The order was dispositional under Article V of the Juvenile Court Act. (Ill. Rev. Stat., ch. 37, sec. 701, *et seq.*) We affirm.

The proceedings which culminated in the order appealed from were initiated by a petition filed in February 1966 alleging the dependency of the minor children. The following month the parents were deprived of the legal custody of the children by court order. That order was appealed to this court and reversed because of the failure to serve the parents, appellants here, with summons, and the failure to appoint a guardian *ad litem* for the minors. (See 94 Ill.App.2d 214, 237 N.E.2d 199.) All orders previously entered were reversed and the case remanded with directions to proceed to a new hearing on the petition. Jurisdiction of the appellants was obtained and a hearing was held in which they participated in person and by attorney. On October 15, 1968, the circuit court entered an order finding that the Hoerners "* * * had abandoned their minor children, Barry S. Hoerner, Michael R. Hoerner, and John C. Hoerner, and said minor children are found to be neglected minor children in accordance with Section 702—4, Chapter 37, Illinois Revised Statutes, and made wards of this Court." The Hoerners took no appeal from this order notwithstanding that it was a final judgment for purposes of appeal as provided by ch. 37, sec. 704—8, Ill. Rev. Stat. On November 7, 1968, the court conducted a dispositional hearing pursuant to section 705.1 of the Juvenile Court Act (Ill. Rev. Stat., ch. 37, sec. 701—1, *et seq.*), and ordered an investigation of the Hoerners to be made in Pennsylvania (where they were then residing) to be conducted by Pennsylvania authorities. Such report was made in 1969 but a more detailed investigation was requested and the result thereof was received in March 1970. The Hoerners filed their motion with the court requesting the report to be admitted into evidence and considered by the court in making a final determination of the case. The report was filed. It recommended that the children not be returned to the custody of the Hoerners,

stating as reasons, inadequate housing, Mr. Hoerner's poor work record, a history of marital instability and long history of alcoholism on the part of Mrs. Hoerner, and her insecurity and unstable role in the family structure and inability to form and sustain a meaningful parental relationship. On October 21, 1970, the court entered a dispositional order placing the three children in the custody of the defendant father, Carl R. Hoerner. Thereupon the guardian *ad litem* of the children filed a motion to modify the dispositional order asking the court to change the award of custody to the Dakes and the Joneses. The Dakes and Joneses also filed their petitions asking that custody be awarded to them. Neither the guardian *ad litem* nor the Dakes or Joneses had participated in the November 7, 1969 hearing. On December 9, 1970, a further dispositional hearing was held and on February 2, 1971, a new dispositional order was entered which awarded the custody of Barry and Michael to Walter and Mary Dake and the custody of John to Richard and Jean Jones. This latter order is the subject of this appeal.

The issue presented by this appeal is whether the trial court erred in awarding custody of the three minor children to persons other than the natural parents of the children. An examination of the evidence before the trial court leads pointedly to the conclusion that the trial court did not so err.

■■■ In child custody disputes between the natural parents and third parties the controlling question is: What is for the best interests for the child? (*Giacopelli v. Florence Crittenton Home,* 16 Ill.2d 556, 158 N.E.2d 613; *Mahon v. People ex rel. Robertson,* 218 Ill. 171, 75 N.E. 768.) Upon a hearing in such a cause, the trial court may inquire into the fitness of the contesting parties and resolve the question of what is for the best interest for the child. It is always recognized that a natural parent has a superior right to the custody of his child. That right, however, is not absolute and must yield to the best interest of the child. Such superior right only obtains when it is in accord with the best interest of the child. *Giacopelli v. Florence Crittenton Home, supra; Stalder v. Stone,* 412 Ill. 488, 107 N.E.2d 696.

■■ It is a fair assessment of the record presented here to say that the behavior of the appellants toward their children prior to the initiation of the proceedings in 1966 was that of abuse, neglect and overt cruelty to the point that it shows a complete disdain for the condition or welfare of the children. The atmosphere in which the children managed an existence was punctuated with drunkenness, deprivation, filth and consummate hunger. The culmination came when, in February 1966, they left the children with another family of extremely modest financial circum-

stances and went to another State to work. They sent $30 for care during the first month but thereafter they neither sent money nor made any inquiry into the welfare of the children. There is much more in the same vein but detailing it would needlessly burden the already inevitable conclusion that the trial court was fully justified in its findings that the children were dependent within the purview of the statute.

But properly, we are not to review that finding which supports the decision of the court at the adjudicatory stage of the proceeding. The subject of this appeal is the dispositional order. It was that order that has deprived the Hoerners of the custody of the children and placed it with the Dakes and the Joneses. It is to be noted that over two years elapsed between the adjudication of dependency and the dispositional order. It is the position of the defendants on this appeal that they were, at the time of the dispositional hearing and for some time prior thereto, in a position to provide an adequate home for their children. Mrs. Hoerner testified that she has ceased her drinking and is in regular attendance at meetings of an Alcoholics Anonymous group. She also said that she was now free from stress but admitted on cross-examination that such freedom comes from the fact that she does not have to care for the children and, further, that if a stress situation occurred again she might react to that stress by drinking. She admitted to having been an alcoholic since she was 21 years of age, or for at least the last 15 years.

Mr. Hoerner testified that he had a job with the Boeing Aircraft Co. and was earning good money although at the time of the dispositional hearing he was temporarily laid off due to a work shortage. He also stated that if the children were returned to him they would receive proper care because "all I can say is I have grown up a lot in the past few years."

At the conclusion of the dispositional hearing the trial court reaffirmed its original findings that the Hoerners had abandoned their children and were not fit to care for them and ordered the children to remain with the Dakes and the Joneses.

It is unquestioned that the children are now, and have been since March and July of 1966, in stable family situations, where they receive excellent care, love and affection. They are well adjusted and without behavioral problems that were manifest at the time they were removed from their former surroundings. There was expert testimony at the hearing to the effect that removal of the children from their present homes would be severely disruptive of their personalities and mental equilibrium. The past experience of the Hoerners with their children weigh heavily against the likelihood of their ability to provide a suitable home

for them. Despite their current affirmations of love and affection and their determination to do better, it is apparent that the true prospects are at best tenuous.

■■ Assaying the whole of the evidence presented to the trial court, considering the circumstances of the parties, both adult and minor and weighing their future expectations, and, of paramount importance, considering the best interests of the minor children, we think the trial court was well within its permissible realm of discretion in awarding the custody of Barry and Michael Hoerner to Walter and Mary Dake and the custody of John Hoerner to Richard and Jean Jones. We will not disturb that award. As stated by the court in the *Giacopelli* case, "We cannot speculate with the life of a child, and we must accept that which is apparent. We cannot uproot the child from an adoptive home full of love, care, and opportunity, for the sole and only purpose of placing him with his natural parents * * *."

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.