THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALPHONSO FORD, Defendant-Appellant.

(No. 58518; ▮▮▮▮▮▮)

First District (4th Division)—July 10, 1974.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was convicted of theft and battery in a bench trial and sentenced to 1 year on each charge with the sentences to be served concurrently. In this appeal the defendant maintains that he was not proven guilty beyond a reasonable doubt and that the trial court erred in admitting improper hearsay evidence which prejudiced the defendant and prevented him from receiving a fair trial. The defendant also contends that it was error to convict and sentence him for both theft and battery when both convictions arose from conduct involving a single transaction.

The complaining witness, Barbara Hastings, testified at the trial that on August 29, 1972, she was a passenger in her mother-in-law's car and that they were stopped at a red light at 251 North Western Avenue in Chicago. It was a little after 11 P.M. and the window on the passenger side was open. The complainant stated that someone struck her and

stole her purse which was on her lap. The prosecutor asked the complainant if she saw the person's face and she stated, "As he was turned running away, I got like a side view." The complainant did identify the defendant in court as the person who took her purse. She also testified that there were street lights near the intersection where she was located. On cross-examination the complainant stated she did not see the individual who struck her and took her purse approach the vehicle and that when she saw a side view of her assailant he was approximately 15 feet away. She stated she never saw a full view of her assailant's face and although she gave the police a general description of the man, she did not particularize his facial characteristics. The complainant testified she saw the side view of her assailant for only a few seconds because he was running away.

The State called Investigator Kaplan who testified that he showed the complainant about nine photographs on September 1, 1972, and he was asked if she picked out a photograph at this time. The defendant's counsel objected and stated, "I don't see why the complaining witness wasn't called on this if she picked out the photographs, why should the officer testify to what she did?" The prosecutor replied, "Defense can call her if they wish to examine her, they can call her as their own witness." The objection was overruled and Kaplan was allowed to testify that the complainant picked out a photograph of the defendant. There were no further questions asked of Investigator Kaplan.

The defendant testified and stated that he was not in the vicinity of 251 N. Western on August 29, 1972, and that he had never seen the complainant before. The defendant denied ever striking the complainant or taking her purse and stated he was at home on the evening in question.

■■■ We are of the opinion that the trial court erred in admitting improper hearsay evidence which prejudiced the defendant. Officer Kaplan's testimony that the complainant picked out a photograph of the defendant was hearsay. Evidence of this type is admissible only if the person who made the out-of-court identification is present, testifies to his prior identification and is subject to cross-examination. (*People v. Keller*, 128 Ill.App.2d 401, 263 N.E.2d 127 (1970).) In the case of *People v. Smith*, 105 Ill.App.2d 8, 245 N.E.2d 23 (1969), the complaining witness testified that after the robbery the police showed her some pictures and the prosecution developed the subject when the arresting officer testified that the complainant had picked out a photograph of the defendant. The court stated:

> "The police officer's testimony as to what Mrs. Mosely did by way of identifying Smith was error. *People v. Reeves*, 360 Ill. 55,

195 N.E. 443 (1935); *People v. Wright*, 65 Ill.App.2d 23, 212 N.E. 2d 126 (1965). His testimony went far beyond hers and obviously was offered to strengthen the identification and to prove the truth of the matter asserted in his testimony, that is, that Mrs. Mosely picked Smith out as the person who robbed her." (*People v. Smith, supra,* at 12.)

In the case at bar the complainant did not testify as to her prior identification of the defendant. Investigator Kaplan's testimony was obviously introduced to bolster the complainant's in-court identification of the defendant and to prove the truth of the matter asserted in his testimony. It is significant to note that the only matter he was called to testify about was the out-of-court identification by the complainant.

The procedure used in the case at bar to strengthen the testimony of the complainant was error and it prejudiced the defendant. As stated in *People v. Poole,* 121 Ill.App.2d 233, 238, 257 N.E.2d 583 at 585 (1970):

"The fundamental purpose of the rule against hearsay is the exclusion from evidence of those out-of-court assertions whose real value cannot be determined because the source of the assertion cannot be cross-examined by the party against whom it is being offered. *People v. Carpenter,* supra; *People v. Burks,* 105 Ill.App. 2d 112, 245 N.E.2d 120; Wigmore on Evidence, § 1362 (3d ed., 1940). Hence it is the opportunity for cross-examination of the out-of-court declarant, whose assertion is being offered, that is the essential feature without which the assertion must be rejected. *People v. Carpenter, supra; People v. Burks, supra.* See, also Uniform Rules of Evidence rule 63 (1); Model Code of Evidence rule 503 (b)."

As stated previously, the complainant did not testify as to her out-of-court assertion and therefore, it was not subject to being tested through cross-examination by the defendant against whom it was offered.

The State has attempted to bring the instant controversy within the rule of *People v. Keller, supra,* by maintaining that the complainant was present and available and that the defendant could have called her as a witness for the defense. However, the *Keller* case requires that the declarant testify to his prior identification and be subject to cross-examination. In the instant case neither of these requirements had been met. While we agree that the defendant could have called Mrs. Hastings as a defense witness, it was not incumbent upon him to do so and in addition we fail to see how she would have been subject to cross-examination by the defendant as to her out-of-court identification even if he had chosen to call her.

■■ The State also maintains that this evidentiary issue has been

waived by the defendant's failure to submit a written motion for a new trial. However, no such motion is necessary when the case was tried before the court without a jury and the issue raised on appeal concerns the sufficiency of the evidence. As stated by our supreme court in *People v. Tobin*, 369 Ill. 73, 75-76, 15 N.E.2d 687, 688 (1938):

> "It has long been the rule in Illinois, in civil cases, that in causes tried by a court without a jury a motion for a new trial is unnecessary to preserve questions of the sufficiency of the evidence. (*Sands v. Kagey*, 150 Ill. 109; *Jones v. Buffum*, 50 id. 277; *Mahony v. Davis*, 44 id. 288; *Metcalf v. Fouts*, 27 id. 110.) We said in *Mahony v. Davis*, 'The judge having once passed upon the evidence, it was not necessary to go through the form of submitting it to him again by moving for a new trial.' The same reasoning applies with equal force to criminal cases tried by the court without a jury, and, therefore, questions of the sufficiency of the evidence were properly preserved for review though no motion for a new trial was made." (*Accord, People v. Hoffman*, 381 Ill. 460, 45 N.E.2d 874 (1942); *People v. Morgan*, 2 Ill.2d 360, 118 N.E.2d 19 (1954); *People v. Johnson*, 14 Ill.App.3d 254, 302 N.E.2d 430 (1973).)

In the case at bar the defendant's attorney objected when the hearsay testimony of Investigator Kaplan was introduced and the court overruled the objection. Therefore, the trial court passed upon the evidence once and it was not necessary to go through the form of submitting it to him again by a motion for a new trial.

■■ The State also maintains that the admission of Investigator Kaplan's hearsay testimony is not reversible error because this was a bench trial and therefore, the presumption arises that the trial court only considered admissible evidence in reaching its decision. However, this presumption is overcome if it affirmatively appears from the record that the evidence was considered by the court. (*People v. Grodkiewicz*, 16 Ill.2d 192, 157 N.E.2d 16 (1959); *accord, People v. Smith*, 55 Ill.App.2d 480, 204 N.E.2d 577 (1965).) As stated in *People v. De Groot*, 108 Ill.App.2d 1, 11, 247 N.E.2d 177, 181-182 (1968):

> "Where an objection has been made to the evidence and overruled, it cannot be presumed that the evidence did not enter into the court's consideration. The ruling itself indicates that the court thought the evidence proper. *People v. Reed*, 287 Ill. 606, 122 N.E. 806 (1919)." (*Accord, People v. Stewart*, 130 Ill.App.2d 623, 264 N.E.2d 557, (1970); *Motykowski v. Motykowski*, 4 Ill.App.3d 957, 282 N.E.2d 458 (1972).)

In the case at bar the hearsay testimony of Investigator Kaplan was admitted over objection by the defense counsel. Therefore, we cannot presume that his testimony did not enter into the court's consideration. The circumstances under which the complainant, Mrs. Hastings, viewed her assailant were less than ideal to produce a positive identification. The utilization of hearsay evidence to bolster the identification may have given the effect of corroboration and is prejudicial and reversible error. (*People v. Wright*, 65 Ill.App.2d 23, 212 N.E.2d 126 (1965).)

We are, therefore, of the opinion that the judgment of the Circuit Court of Cook County must be reversed and the case remanded for a new trial.

Reversed and remanded.

BURMAN and DIERINGER, JJ., concur.