THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL WARREN, Defendant-Appellant.

(No. 60753;

First District (4th Division)—September 10, 1975.

Paul Bradley and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Marcia B. Orr, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant Michael Warren appeals from a judgment entered by the Circuit Court of Cook County after being convicted of armed robbery by a jury. He was sentenced to a term of not less than 10 nor more than 30 years in the Illinois State Penitentiary.

The issues presented on appeal are whether the trial court properly admitted a police officer's testimony concerning the victim's out-of-court identification of the defendant; and whether the trial court properly denied the defendant's motion to call a defense witness not named on the defendant's list of witnesses.

At trial Mary Martin, the victim, testified that on September 20, 1972, the defendant accosted her in the elevator of her apartment building, ordered her off the elevator at gunpoint, and snatched her purse. She also testified the elevator and hallway were well lit at the time of the occurrence.

Immediately after the incident, Miss Martin took the elevator down to the landlord's third-floor apartment to report the robbery to the police. As she alighted from the elevator, she again saw the defendant in the hallway, still holding her purse. When the defendant saw her in the hallway, he ran away. The police were summoned, and they searched the building but found no trace of the thief or the stolen purse.

On September 26, 1972, Officer Daniel Pacella returned to Miss Martin's apartment with seven photographs. She identified the defendant's photograph as that of the person who robbed her. On October 4, 1972, Miss Martin identified the defendant in a police lineup. Miss Martin testified that on both occasions she made the identification without assistance.

Both Officer Pacella and Miss Martin testified to her identification of the defendant's photograph and her identification of the defendant in the police station lineup. The defendant objected to Officer Pacella's testimony on the grounds it was hearsay, and it was only used to bolster Miss Martin's in-court identification of the defendant.

Officer Pacella also testified the defendant was represented in the

lineup by Mr. Tom Royce, an assistant public defender. Mr. Royce was on the State's list of witnesses but was never called.

At the close of the State's case-in-chief, the defendant moved to call attorney Royce as his own witness. Royce was not on the defendant's list of witnesses, and the defendant gave no reasons why Royce's testimony was considered important. The court denied the defendant's motion, and the defense rested without calling any witnesses. The jury found the defendant guilty of armed robbery.

The defendant contends the trial court improperly admitted the testimony of Officer Daniel Pacella to the effect that the victim identified the defendant's photograph and later identified the defendant in the police lineup.

In support of his contention, the defendant relies on *People v. Ford* (1974), 21 Ill.App.3d 242. In *Ford*, the court held the testimony of a police officer that he had shown the complaining witness nine photographs from which she chose defendant's photograph was inadmissible hearsay. The court's decision rested on the fact the complaining witness did not testify to her prior identification at trial, and therefore, introducing the out-of-court identification was prejudicial error.

■■ An officer's testimony about a witness' out-of-court identifications of the defendant are admissible if the person who makes the out-of-court identification: (1) is present at trial; (2) testifies to the prior identification; and (3) is subject to cross-examination. (*People v. Carpenter* (1963), 28 Ill.2d 116.) In the present case, the complaining witness testified to her prior identification of the defendant, was present in the courtroom, and could easily have been cross-examined by the defense. Thus, it was not error to allow Officer Pacella's testimony regarding identification of the photograph and identification in the lineup into evidence.

■■ The defendant next contends the trial court erred in denying the defendant's request to call a witness not named on his list of witnesses. The defendant gave no indication to the trial judge as to how Mr. Royce's testimony would be used at trial, and he has not given any indication on appeal. To preserve the question of whether evidence was wrongly excluded for appellate review, an offer of proof as to what the testimony would be and a ruling on the offer are necessary. (*People v. Eilers* (1974), 18 Ill.App.3d 213.) The defendant made no such offer.
● 3 The defendant has presented no facts showing he was prejudiced by the exclusion of Royce as a witness. It is within the discretion of the trial court to permit a witness to testify even if the witness was not named as a potential witness in answer to discovery. (*People v. Jones* (1973), 13 Ill.App.3d 684.) In the absence of showing prejudice or sur-

prise, that discretion is not reviewable. (*People v. Jordan* (1967), 38 Ill.2d 83.) The trial judge, having been given no reason why the defense wished to call this witness, did not abuse his discretion in refusing to allow the witness to be called.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.