*In re* JACK LEROY WILLIS, JR., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CYNTHIA BAKER, Defendant-Appellant.)

Fourth District   No. 14258

Opinion filed February 17, 1978.

Leo F. Carroll, of Flynn & Flynn, of Jacksonville, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Philip J. Esala, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SLATER delivered the opinion of the court:

Cynthia McGee Baker, mother of Jack L. Willis, Jr., timely appealed a trial court adjudication that her son be declared a ward of the court and be placed for adoption.

On July 15, 1976, the State filed a petition for an adjudication of wardship based on neglect concerning Jack LeRoy Willis, Jr. The petition additionally sought appointment of a guardian over the minor's person and a consent to adoption. The public defender was appointed by the court to represent the mother, Cynthia McGee, on July 22, 1976. On August 7, 1976, Miss McGee married Russell Allen Baker. After court hearings on October 14 and 21, 1976, the court entered an order of adjudication on October 21, 1976, finding the minor neglected, the parents to be unfit, and that it was in the best interests of the minor and the public that he be made a ward of the court. The guardian of the minor was granted power to consent to adoption.

The facts of this case are largely undisputed. Morgan County detective Gary Brown and two other persons visited the then Miss McGee's trailer on July 13, 1976. After being allowed to enter, they observed that the minor had massive bruises about his face, neck and extremities and that some of the child's hair was missing. Mrs. Baker admitted that her husband had beaten the child every day for over two months, had hit the 18-month-old child on many occasions with a belt and had beaten the child in her presence. She never sought outside help or stopped the beatings. Some three weeks later, Baker and McGee were married.

At trial, Mrs. Baker testified that the child was a "crawler" and that some of the marks visible on July 13 came from the child bumping furniture. However, she admitted that Baker disciplined the child since the last part of April. Baker would beat the child when the minor would not obey, or when he would throw food.

At the end of the hearing, the court found that the minor was neglected, that both parents were unfit, and that the mother was an accessory in allowing physical abuse of the child. The court adjudged the minor a ward and found the mother and the putative father unfit as per the Illinois Adoption Act. The court made no specific verbal finding as to the best interests; however, the order of adjudication signed by the court does make this finding. Mrs. Baker does not appeal the finding of unfitness.

■■ The State questions whether the mother has standing to appeal an adjudication of wardship. A review of Illinois cases indicates that it has been assumed that the parents do have this right, especially when termination of parental rights is being sought. For example, dicta in the

case of *In re Robertson* (1977), 45 Ill. App. 3d 148, 359 N.E.2d 491, indicates that there had been an earlier neglect adjudication, which was an appealable order, and the parents had not appealed that order. This court, in *People v. Hoerner* (1972), 6 Ill. App. 3d 994, 287 N.E.2d 510, stated that the parents took no appeal from the wardship order in reviewing the parents' claims in that case. A neglect petition necessarily is directed at acts or omissions of the parent or guardian. The finding of neglect and adjudication of wardship by the court is one prerequisite to the termination of parental rights under Illinois law. Mrs. Baker has standing to challenge the adjudication of wardship in the instant case.

■■ The mother, relying upon *In re Driver* (1977), 46 Ill. App. 3d 574, 360 N.E.2d 1202, contends that the court made no explicit adjudication of wardship. A review of the trial transcript shows that the judge never verbally made a determination that the best interests of the minor and the public required wardship. However, it is equally as clear that the written order of adjudication, signed by the judge, does contain the required finding. To quote from *Driver*:

> "The definition of 'adjudication,' as stated above, does not, on its face, contemplate the taking of evidence, but only contemplates the act of pronouncing the finding of the court." (46 Ill. App. 3d 574, 577, 360 N.E.2d 1202, 1205.)

The court here signed the written order containing the requisite finding of best interests. An adjudication of best interests is in the record and is supported by the record.

■■ Mrs. Baker also argues that the court erred in excluding as irrelevant certain defense testimony regarding Mrs. Baker's fitness nearly a year before the beatings began. In *Driver*, this court held that a trial court must make an informed decision concerning best interests. In *Driver*, the delinquency petition charged a single incident of fighting in a public school lunch room. In the instant case, however, the neglect petition was based on a period of two months. The alleged period of neglect coincided, to a great degree, to the period after the mother met Mr. Baker. On the contrary, the proffered testimony goes to a time span far before that. Coupled with the fact that the mother had made a decision to marry Mr. Baker, which not only reflects on her ability to be a good mother, but also on the child's chances for future physical abuse, the court received a very complete picture of the recent time span of the child's life and what the child's best interests were. So while, under *Driver*, it was technically error to refuse defense testimony relating to the mother's ability to care for the child, the remoteness of the testimony, along with Mrs. Baker's marriage to the abuser, indicate that any error was harmless and the judge in this case did, even though excluding evidence, make a totally informed decision about the child's best interests

and what physical abuse might occur to the minor if the child were not made a ward of the court.

The trial court adjudication is affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.