THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. PEDRO GOMEZ, Defendant-Appellee.

First District (5th Division)   No. 84—3054

Opinion filed September 26, 1986.

PINCHAM, J., dissenting.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Mark D. Smolens, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)), the State appeals from an order granting defendant's motion to quash his arrest and suppress evidence of his identification by the victim of a robbery. The State contends that there was probable cause to arrest defendant for the robbery and that, assuming otherwise, the placing of defendant in a lineup constituted a minimal intrusion on his fourth amendment rights not requiring suppression of the identification testimony. Although defendant has not filed a brief, we elect to reach the merits of this appeal under the principles enunciated by our supreme court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Defendant was arrested in his apartment shortly before midnight on May 16, 1983. Investigator Ronald Branum testified that he arrested defendant for the robbery of a gas station on May 14, 1983, and a series of other robberies of small businesses on the northwest side of Chicago. At the time of defendant's arrest, Branum also knew that there was an outstanding warrant charging him with an unspecified traffic offense. Sometime between 7 p.m. and 8 p.m. on May 17, 1983, defendant was placed in a series of lineups where he was viewed separately by approximately 12 victims and witnesses of dif-

ferent robberies. It appears that only one witness, Martha Perez, who was the victim of a robbery at a food mart on May 3, 1983, identified defendant. None of the other witnesses, including the victims of the gas-station robbery, could identify him. The record does not clearly establish whether Ms. Perez' identification of defendant preceded or succeeded the nonidentification of defendant by the victims of the gas-station robbery. For purposes of ruling on defendant's motion, however, the trial court assumed that Ms. Perez identified defendant after the victims of the gas-station robbery failed to do so.

The court found that the police had probable cause to arrest defendant for the gas-station robbery but that once the victims of that robbery failed to identify him in a lineup, probable cause to hold him for that offense dissipated. The court reasoned that defendant's continued detention, which resulted in a positive identification by Ms. Perez, could be justified only if the police had probable cause to hold him for the food-mart robbery. The court then determined that the police lacked probable cause to believe that defendant had committed that robbery. The court also rejected the State's alternative theory that the continued detention of defendant constituted a minimal intrusion on his fourth amendment rights not requiring suppression of the identification testimony. Based upon these rulings defendant's motion to quash was granted, and this appeal followed.

OPINION

■ Initially, we note that it is unnecessary to address the issues framed in the State's appeal. Regardless of whether the police had probable cause to arrest or detain defendant for the robbery of the food mart, it appears that when defendant was identified in a lineup by the victim of that robbery, he was lawfully being held in custody on a warrant charging him with a traffic offense. Under these circumstances, requiring defendant to appear in a lineup did not implicate any of his fourth amendment rights. (*People v. Nelson* (1968), 40 Ill. 2d 146, 152, 238 N.E.2d 378; *People v. Hinton* (1977), 45 Ill. App. 3d 925, 360 N.E.2d 451; *People v. Cruz* (1976), 38 Ill. App. 3d 21, 25-26, 347 N.E.2d 227; *People v. Stringer* (1970), 129 Ill. App. 2d 251, 264-65, 264 N.E.2d 31, *aff'd* (1972), 52 Ill. 2d 564, 289 N.E.2d 631.) Parenthetically, we note that the police were not obligated to advise defendant orally that he had a right to post bail on the traffic warrant. *People v. Seymour* (1981), 84 Ill. 2d 24, 30-31, 416 N.E.2d 1070.

Although we recognize that Investigator Branum may not have gone to defendant's apartment solely for the purpose of executing a traffic warrant, the evidence is uncontradicted that an arrest warrant

had been issued and that Branum knew of the existence of that warrant at the time he effected defendant's arrest. This evidence cannot be ignored or "wished away," as the dissent would do. Moreover, in view of the fact that Branum's testimony concerning his knowledge of the warrant was elicited on cross-examination, it is reasonable to assume that the prosecutor was not aware of the existence of the traffic warrant prior to the hearing on defendant's motion, which may serve to explain why no reference was made to the warrant in argument.

The dissent, however, reasons that if an arrest warrant had been issued, then adversarial judicial proceedings had commenced and defendant was entitled to counsel at *any* subsequent lineup. We disagree.

A person's sixth amendment right to counsel attaches only at or after the time that adversary proceedings have been initiated by formal charge, preliminary hearing, indictment, information or arraignment. (*Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877; *People v. Burbank* (1972), 53 Ill. 2d 261, 291 N.E.2d 161.) The right of counsel does not arise merely because when the preindictment lineup was held; defendant was in custody on an unrelated criminal matter and his right of counsel had attached as to that charge. (*People v. Martin* (1984), 102 Ill. 2d 412, 422-23, 466 N.E.2d 228; *People v. Branson* (1984), 131 Ill. App. 3d 280, 285-86, 475 N.E.2d 905.) Thus, it is immaterial in this case whether defendant's right to counsel had attached as to the offense charged in the traffic warrant when he was identified in a lineup as the offender in the food-store robbery. When that identification was made, no adversary judicial proceedings had been commenced on the robbery offense.

For the foregoing reasons, we conclude that the trial court erred in granting defendant's motion to quash his arrest and suppress evidence derived therefrom. Accordingly, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LORENZ, J., concurs.

JUSTICE PINCHAM, dissenting:

I dissent. The trial court was eminently correct in suppressing as evidence testimony of the illegal lineup identification of the defendant. The identification was made while the defendant was detained in violation of his constitutional right against unreasonable seizure guaran-

teed by the fourth amendment to the Constitution of the United States and article I, section 6, of the Constitution of Illinois. I disagree with the majority's *sua sponte* holding that "at the time defendant was identified by the victim of that robbery, he was lawfully being held in custody on an unrelated [traffic] charge."

The trial court found that the defendant was arrested in his basement apartment at 3630 West Armitage Avenue in Chicago between 11:30 p.m. and midnight on May 14, 1983, for the robbery of the Citgo gas station at 5200 West Addison Street in Chicago which occurred at noon that day. The trial court held that there was probable cause for the defendant's arrest for this offense. On the following day, at about 7 p.m., the Citgo gas-station robbery victims viewed a lineup which included the defendant. The defendant was not identified by them as the person who committed the Citgo station robbery. Nevertheless, he was not released from custody. Instead, he was further detained. The assistant State's Attorney endeavored to persuade the trial court that the defendant was legally detained after the lineup as a suspected offender in a dozen other robberies. The trial court rejected this contention and found that no probable cause existed to arrest or imprison the defendant for these other robberies. This finding is amply supported by the evidence and is not manifestly erroneous. It therefore should not be disturbed on review. *People v. Reynolds* (1981), 101 Ill. App. 3d 576, 579, 428 N.E.2d 694.

After the lineup in which the defendant was not identified and while he was illegally detained, the defendant was placed in lineups which were viewed by victims of robberies for which the trial court found there was no probable cause to arrest or detain the defendant. During one of these lineups, one of the robbery victims, Mrs. Martha Perez, a supervisor at the White Hen Pantry food store at 2900 West Montrose in Chicago, identified the defendant as the person who robbed her at that store on May 3, 1983, at about 5:30 p.m. Contrary to the majority's assertion that the record does not establish whether Mrs. Perez' identification of the defendant was before or after the Citgo gas-station robbery lineup in which he was not identified, the trial court found that the identification of the defendant by Mrs. Perez occurred after the Citgo gas-station lineup. There is adequate evidence to support this conclusion, and it likewise is not manifestly erroneous. The trial court ruled that the defendant was being unlawfully detained when Mrs. Perez identified him as the person who robbed her and therefore suppressed Perez' lineup identification as evidence. (See *People v. Quarles* (1980), 88 Ill. App. 3d 340, 410 N.E.2d 497.) This determination and suppression order were also sup-

ported by the evidence.

In *People v. Reynolds* (1981), 101 Ill. App. 3d 576, 579, 428 N.E.2d 694, this court held:

> "At a hearing on a motion to suppress, it is the function of the trial court to weigh the testimony, to assess the credibility of the witnesses, and to draw reasonable inferences from their testimony. [Citations.] *Once the trial court has ruled on the motion to suppress, a reviewing court will not disturb that order unless it is manifestly erroneous.*" (Emphasis added.)

Throughout the trial court proceedings in this case, in an effort to sustain the validity of Mrs. Perez' identification of the defendant, the State exclusively relied on the position that, after the Citgo gas-station robbery victims failed to identify the defendant in a lineup, probable cause remained to arrest and detain the defendant for the other robberies. The trial court ruled otherwise. In the State's brief before this court, the State again urged for reversal that "Chicago police also had probable cause to arrest the defendant in connection with a series of small business robberies which had plagued the northwest side, including the May 3rd robbery of the White Hen Pantry food store located at 2900 West Montrose." The State did not contend in the trial court and the State did not contend before this court that when the defendant was identified by Mrs. Martha Perez of the White Hen Pantry food store, the defendant was in lawful custody on a traffic warrant issued on an unrelated traffic charge, as the majority concludes and on which conclusion it relies to validate Perez' identification of the defendant.

This *sua sponte* conclusion by the majority was not argued or relied on by the State in the trial court and it was not briefed, argued, relied on or presented by the State before this court. It is understandable that the State did not do so. The traffic warrant testimony was an untenable basis for the defendant's detention.

Throughout the trial court proceedings, the State endeavored to establish that the defendant's detention was lawful because there was probable cause for his arrest and detention for the robberies in the area which fit a crime pattern. In response to questions by defendant's attorney, arresting officer Ronald Branum testified:

> "Q. Now, at the time that you arrested Mr. Gomez, did you have a warrant for his arrest?
>
> A. There was a warrant pending on his arrest, but not for this particular case.
>
> Q. There was a warrant pending?
>
> A. Yes.

934

> THE COURT: For what, traffic?
> THE WITNESS: Right.
> THE COURT: How much was the bond on that warrant?
> THE WITNESS: I don't recall, sir.
> MS. POWER: You didn't arrest him for that, did you?
> A. He was arrested for that, yes.
> Q. Is that why you went to his home?
> A. That's not why I went to his home, no."

Officer Branum answered a few more questions and was then called as a State's witness. The assistant State's Attorney did not ask Branum a single question about the traffic warrant or traffic arrest, and did not make an effort to establish by Branum's testimony the date or the nature of the traffic offense or the warrant. Nor did the assistant State's Attorney in any way endeavor to establish by Branum's testimony that the defendant had been arrested and was in custody by reason of a traffic warrant. As before stated, no such argument was made before this court. It appears that the assistant State's Attorney recognized the futility of arguing such a dubious contention on this meager, unsubstantiated, and perhaps unsupported testimony.

If a warrant had issued for the defendant's arrest for a traffic offense, then adversarial judicial proceedings had been initiated against the defendant and according to the sixth amendment of the Constitution of the United States and section 8 of article I of the Constitution of the State of Illinois, the defendant was entitled to counsel at the lineup. (*Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877; *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951.) The defendant's uncounseled lineup identification as the robber by Mrs. Martha Perez was therefore properly suppressed. *Moore v. Illinois* (1977), 434 U.S. 220, 54 L. Ed. 2d 424, 98 S. Ct. 458; *People v. Curtis* (1985), 132 Ill. App. 3d 241, 476 N.E.2d 1162; *People v. Marshall* (1977), 47 Ill. App. 3d 784, 365 N.E.2d 367.

Moreover, it is provided in section 109—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 109—1(a), (b)(2), (b)(3)) that a person arrested on a warrant shall be taken without unnecessary delay before a judge and the judge shall advise the defendant of his right to counsel and if indigent the judge shall appoint a public defender or licensed attorney to represent him.

For the foregoing reasons, I would affirm the findings and ruling

of the trial court which suppressed Perez' lineup identification of the defendant. I am constrained to further point out my disagreement with the majority's conclusion that "it was not unreasonable to hold defendant for a few more minutes so that the victim of the food mart robbery could view him in a lineup." First, the record reveals that the defendant was held considerably longer than just a few minutes for the White Hen Pantry robbery victims to view him in a lineup. Second, and more important, because there was no probable cause to detain the defendant, as the trial court found, not only was it unreasonable to further detain the defendant, this continued detention was also unlawful and violated the defendant's constitutional right to be secure against unreasonable detention.

I must also point out my disagreement with the majority's determination that "the conduct of the police in this case was neither purposeful nor flagrant." First, this is not the proper criterion for judging the validity of the officer's conduct. The proper and constitutional criterion was whether there was probable cause to further detain the defendant. The trial court found that there was not. Second, and again more important, the officers' conduct in this case *was* purposeful and offensively flagrant. It is difficult to conceive what could have been more purposeful or flagrant than for the officers to have the defendant viewed in lineups by the victims of a dozen robberies when there was no probable cause that the defendant committed any of them.